ULSTER COUNTY.—HON. O. P. CARPENTER, SURROGATE.—July, 1887.

MATTER OF LEFEVER.

*In the matter of the estate of* PHILIP A. LEFEVER, *deceased.*

Under L. 1885, ch. 483, entitled " An act to tax gifts, legacies and collateral inheritances in certain cases," property is not taxable unless and until it " passes " in the manner therein described.   Hence, a contingent remainder, bestowed by will upon one not in a class exempted by the act mentioned, is not to be appraised or taxed, until the defeating contingency has been rendered forever impossible of occurrence.
Matter of Cogswell, 4 *Dem.*, 248—distinguished.

THE executors of decedent's will having filed a petition for the appointment of an appraiser to ascer-

tain the value of the property bequeathed, under L. 1885, ch. 483, and an appraiser having been appointed accordingly, and having made and filed his report, the legatees in remainder contended that their bequests were contingent and not then liable to assessment or taxation, and asked the opinion of the court upon the question.

JOHN N. VANDERLYN, *district attorney, for taxation.*

DAVID M. DEWITT, *for remaindermen.*

THE SURROGATE.—The decedent died October 1st, 1885, and his will was admitted to probate November 10th, of the same year.

The third clause of the will is as follows: "I give and bequeath to my sister, Catharine Bogardus, the income and interest, for and during the term of her natural life, of the amount of three thousand dollars of the stock of the Quassaick National Bank of Newburgh, New York, and the sum of three thousand dollars of county bonds of Otoe county, in the state of Nebraska, and from and after her death I give and bequeath the same to my nephews, Abraham Elting, Jacob Elting, Walter Elting and Philip L. Elting, children of my sister Sarah, or to the survivors of them who shall be living at the time of the death of the said Catharine Bogardus, in equal portions, share and share alike."

The fourth clause is like the third, except substituting Sarah, wife of Philip D. Elting, in place of Catharine Bogardus, and the bank stock of another bank.

By the laws of 1885, ch. 483, entitled "An act to tax gifts," etc., it is provided in § 2, "when any per-

son shall bequeath or devise any property," etc., to a person, whereby the same is not liable to the tax, "during life or for a term of years, and the remainder to a collateral heir of the decedent," etc., at the decease of such life tenant, "or the expiration of such term, the property so passing shall be appraised immediately after the death of the decedent, at what was the fair market value thereof at the time of the death of the decedent," etc.

I think the act in question, and particularly § 2, must necessarily be held and construed, as to future estates, to apply only to vested remainders. A contingent remainder cannot be the "remainder" mentioned and intended in § 2, as liable to the tax, which by another section is due and payable at the death of the decedent, because, 1st, The person is uncertain to whom the remainder will pass; 2d, No interest whatever vests at the time of the decedent's death, when the tax becomes due and payable; 3d, In the event of the contingency happening; to wit, the death of the remaindermen before the death of the life tenants, which will defeat the ultimate vesting of the remainder; the property may pass to the lineal heirs of the decedent, and not be liable to the tax.

The bequests being to the nephews named, or to the survivors of them, who shall be living at the time of the death of the life legatees, are not followed by a gift over, in the event of the death of any one or all of them; as was the case in the Matter of Cogswell (4 *Dem.*, 248), cited to show that the remainders are vested, and therefore subject to the tax; and, therefore, "standing alone," as stated in the extract from

Jarman on Wills quoted in the opinion of the court, these remainders are contingent. (See Carmichael v. Carmichael, 4 *Keyes*, 346; Purdy v. Hayt, 92 *N. Y.*, 446.)

When the property bequeathed or devised actually vests, that is " passes " to the collateral heir, then the tax becomes due and payable. In the case of a vested remainder, the vesting takes place at the death of the decedent. In the case of a contingent remainder, the vesting takes place when the defeating contingency has been rendered impossible; and then, and not until then, does the interest pass to a collateral heir and become liable to the tax.

A subsequent clause of the will directs that the life tenants shall respectively be entitled to the possession of the said stock and bonds, the income and interest of which is bequeathed to them during the term of their natural lives, for and until their death; when the parties, to whom the same are then bequeathed in fee, are to have the possession and ownership thereof.

The said stock and bonds may have become very much depreciated in value at the time they may pass to the remaindermen, and therefore should not be assessed until they actually pass, if ever, to them. I, therefore, hold that the property bequeathed to the legatees named, as aforesaid, is not yet subject to the tax, nor to be assessed.